IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN ORVILLE STUDY,
    Plaintiff,

vs.                                        Case No. 3:08cv493/MCR/EMT

UNITED STATES OF AMERICA
and STATE OF FLORIDA,
    Defendants.
_____/

## ORDER

       This matter is before the court on Plaintiff's "Request for Confidential Communication Due to Administrative Rule Change" (Doc. 40). Plaintiff states that the Florida Department of Corrections (DOC) amended Rule 33-210.102(8) of the Florida Administrative Code, effective April 23, 2009, to provide that all incoming mail, even if specifically marked "legal," will be treated as routine non-privileged communication unless it bears a further indication such as "open in presence of addressee only" or "confidential" (*id.*). Plaintiff states that the rule applies to mail received from attorneys and courts, and thus will permit such mail to be opened outside the inmate's presence, read, and subjected to copying, and such mail will not be afforded special treatment such as prompt handling, logging, and signature of the addressee upon delivery (*id.*). Plaintiff requests that this court mark the outside of the envelope of any communication to him from the court with the words "confidential" or "open in presence of addressee only" so that it will treated as legal mail by DOC officials (*id.*).

       The amended Rule 33-210.201(8) provides, in pertinent part:

> (d) The sender of incoming legal mail shall mark the outside of the envelope "legal-confidential," "legal-open only in presence of the addressee," or similar language which would put the reader on notice that the mail is legal mail of a confidential nature. **Mail from courts that is subject to public inspection under Chapter 119, F.S., need not be marked as legal mail**. Incoming mail which does

not include a marking on the outside of the envelope requesting that it be treated as confidential legal mail shall be treated as routine mail and shall be opened and examined, and is subject to being read by a designated employee outside the presence of the inmate.

Fla. Admin. Code 33-210.102 (effective 04/23/2009) (emphasis added).  Based upon the plain language of the rule, it appears that mail from this court need not be marked "legal-confidential," "legal-open only in presence of the addressee," or with similar language.  Therefore, Plaintiff's motion will be denied.

Accordingly it is **ORDERED**:

Plaintiff's "Request for Confidential Communication Due to Administrative Rule Change" (Doc. 40) is **DENIED**.

**DONE AND ORDERED** this 8th day of May 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**