IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN ORVILLE STUDY,
      Plaintiff,

vs.                              Case No. 3:08cv493/MCR/EMT

UNITED STATES OF AMERICA, et al.,
      Defendants.
_____/

## ORDER

This cause is before the court on Plaintiff's motion to amend and proposed amended complaint (Docs. 55, 56). Plaintiff, a state prisoner proceeding pro se and in forma pauperis, commenced this action on October 23, 2008, by filing a complaint under 28 U.S.C. §§ 1331, 1346, 1361, and 1651 (Doc. 1). The complaint named two Defendants, the United States of America and the State of Florida (*id.*). The United States filed a response requesting dismissal of the complaint (Doc. 32), and the State of Florida filed a motion to dismiss (Doc. 37). Plaintiff filed responses to the motions (Docs. 36, 46) and has now filed the instant motion to amend and proposed amended complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1)(A). For purposes of this Rule, a motion to dismiss is not a responsive pleading. Williams v. Bd. of Regents of Univ. Sys. of Georgia, 477 F.3d 1282, 1291 (11th Cir. 2007) (citing Chilivis v. SEC, 673 F.2d 1205, 1209 (11th Cir. 1982)). As no responsive pleadings have been filed, Plaintiff is entitled to amend his complaint as a matter of right. Additionally, in light of Plaintiff's filing an amended complaint, Defendants' motions to dismiss the original complaint will be denied as moot.

Upon review of the amended complaint, the undersigned concludes that it is not in proper form, and it fails to state a claim against one or more of the named Defendants. Therefore, pursuant to the court's statutorily imposed screening function, *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A, Plaintiff will be directed to file a second amended complaint.

Plaintiff names over eighteen Defendants in this action, including the United States, several federal agencies, several state and local agencies of the States of Florida and Indiana, and various federal and state officials (Doc. 56 at 1, 3–6). Plaintiff asserts the following claims: (1) federal agencies and officials failed to issue a "set-aside certificate," required by 18 U.S.C. § 5021(a), setting aside Plaintiff's conviction under the federal Youth Corrections Act (YCA) and removing all records of his conviction and sentence upon his release on January 26, 1990 from his YCA sentence, in violation of Plaintiff's rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments; (2) federal and state agencies and officials disseminated inaccurate information concerning Plaintiff's criminal history during a press conference on November 8, 2007, in violation of 28 C.F.R. §§ 20.01–20.38 and the First, Fourth, Fifth, and Fourteenth Amendments; (3) federal agencies and officials, and state and local agencies failed to maintain accurate information regarding Plaintiff's criminal history as required by 28 C.F.R. § 20.37, in violation of Plaintiff's First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights; (4) federal agencies and officials include information about Plaintiff's YCA conviction and sentence in their criminal history information systems, in violation of 28 C.F.R. § 20.32 and Plaintiff's First, Fifth, and Fourteenth Amendment rights; (5) federal and state agencies and officials will deny Plaintiff access to the courts and due process if federal officials obtain custody of him by obtaining a writ of habeas corpus ad prosequendum instead filing a detainer and proceeding under the Interstate Agreement on Detainers Act (IAD); and (6) federal agencies and officials violated 28 U.S.C. § 534 by failing to remedy the acquisition, preservation, and exchange of inaccurate criminal history information concerning Plaintiff (*id.* at 17–23). As relief, Plaintiff seeks injunctive relief, monetary damages, and criminal prosecution of Defendants pursuant to the Privacy Act, 5 U.S.C. § 552a(i) (*id.* at 23–25).

Initially, Plaintiff failed to use the court-approved form for filing his amended complaint. Local Rule 5.1(J) for the Northern District of Florida states that no civil action commenced by a pro

se litigant under 42 U.S.C. § 1983 or 28 U.S.C. §§ 1331 or 1346 shall be considered by the court unless the appropriate form has been properly completed and filed by the litigant. N.D. Fla. Loc. R. 5.1(J)(2). Thus, Plaintiff must file his complaint on the form for use in cases filed under 28 U.S.C. § 1331, even if he wishes to attach separate pages explaining the facts that underlie the complaint.

Additionally, Plaintiff has included allegations of constitutional and federal law violations that are not related to the same basic incident or issue. The Federal Rules of Civil Procedure provide that persons cannot be joined in one action as Defendants unless Plaintiff's claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences **and** the claims share a common question of law or fact. *See* Fed. R. Civ. P. 20. It is clear from a review of Plaintiff's amended complaint that his claims concerning the maintenance and dissemination of his criminal history information are not sufficiently related to his claims concerning the procedures used to transfer him from state to federal custody. Therefore, these claims must be addressed in separate civil rights complaints.

In choosing the claims he wishes to litigate, Plaintiff is advised that his claim that federal agencies and officials failed to issue a "set-aside certificate," required by 18 U.S.C. § 5021(a), setting aside his YCA conviction and removing all records of his conviction and sentence upon his release from his YCA sentence on January 26, 1990, is not actionable. Sections 5021 through 5026 of Title 18 were repealed effective October 12, 1984, well before Plaintiff completed his YCA sentence. *See* Pub. L. 98-473, Title II, § 218(a)(8). Therefore, this claim is subject to dismissal as frivolous if Plaintiff decides to pursue it.

Additionally, Plaintiff must clarify his allegations concerning dissemination of his criminal history information during a press conference on November 8, 2007. Plaintiff states that according to news media articles, on November 8, 2007, law enforcement authorities from Boone, Hamilton, and Putnam counties in the State of Indiana disclosed at a press conference the fact that Plaintiff was the prime suspect in several bank robberies in Indiana, and Plaintiff was previously convicted of bank robbery in 1983 and served a prison sentence for that crime (Doc. 56 at 15). Plaintiff contends the dissemination of this information was prohibited by 28 C.F.R. §§ 20.01–20.38, and violated the Privacy Act, 5 U.S.C. § 552a, and his constitutional rights (*id.* at 15, 19). Plaintiff is advised that

the Code of Federal Regulations provides that 28 C.F.R. §§ 20.01–20.38 do not prohibit a criminal justice agency from providing criminal history information to members of the news media if the information disclosed is based on information contained in announcements for apprehending wanted persons. *See* 28 C.F.R. § 20.20(b, c). As Plaintiff's allegations suggest that local law enforcement in Indiana disclosed his criminal history to the news media pursuant to their efforts to apprehend him for the bank robberies, Plaintiff's allegations are insufficient to suggest a federal law violation.

If Plaintiff instead chooses to litigate his constitutional claims concerning his possible transfer into federal custody if he is indicted on federal charges, he is advised that his allegations fail to state a federal claim. Plaintiff is currently in the custody of the State of Florida serving a sentence imposed by the Circuit Court in and for Madison County, Florida (*see* Doc. 37 at 1, Ex. A). Two detainers have been lodged against him, one from Boone County, Indiana and one from Lowndes County, Georgia (*id.*). Plaintiff alleges he may be indicted by a federal grand jury in Indiana, and he contends his rights to due process and access to the courts will be violated if the United States obtains his presence in Indiana through issuance of a writ of habeas corpus ad prosequendum instead of filing a detainer and proceeding under the IAD (*see* Doc. 56 at 17, 22). Plaintiff requests that the court issue an injunction requiring the United State to lodge a detainer against him pursuant to the IAD, instead of obtaining his appearance in Indiana through use of a writ of habeas corpus ad prosequendum (*id.*). Plaintiff suggests that his removal from Florida will prejudice his position in civil litigation that is pending in the Florida courts because he will not have access to Florida legal materials in Indiana (*id.*).

It is well settled that the United States may obtain temporary custody of Plaintiff by either filing a detainer against him with Florida authorities or obtaining a writ of habeas corpus ad prosequendum. *See* United States v. Beard, 41 F.3d 1486, 1489 n.9 (11th Cir. 1995) (rejecting state prisoner's argument that IAD required federal government to place a detainer on him instead of obtaining federal custody by means of a writ of habeas corpus ad prosequendum) (citing United States v. Roper, 716 F.2d 611, 613–14) (4th Cir. 1983)). Therefore, Plaintiff cannot establish a due process violation with respect to the method by which the United States obtains custody of him.

Additionally, Plaintiff's allegations fail to state a constitutional claim of denial of access to the courts. It is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983. <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); <u>Bounds v. Smith</u>, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); <u>Chandler v. Baird</u>, 926 F.2d 1057 (11th Cir. 1991). However, as established in <u>Lewis</u>, to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. <u>Lewis</u>, 518 U.S. at 350–51. The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 353. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* at 354–55 (quoting <u>Wolff v. McDonnell</u>, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). Furthermore, he must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendants' actions. <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (citing <u>Lewis</u> ); *see also* <u>Bass v. Singletary</u>, 143 F.3d 1442, 1445–46 (11th Cir. 1998). So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. <u>Wilson</u>, 163 F.3d at 1291. Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit. <u>Lewis</u>, 581 U.S. at 353 n. 3; <u>Wilson</u>, 163 F.3d at 1291.

In the instant case, Plaintiff does not identify any conduct of Defendants that actually harmed or prejudiced him with respect to any criminal appeal, post-conviction matter, or civil rights action in which he was or is involved. Therefore, his access to courts claim is subject to dismissal.

Additionally, Plaintiff is not entitled to all of the relief he seeks. As a private citizen, Plaintiff "has no judicially cognizable interest" in the criminal prosecution of another. <u>Otero v. United States Attorney Gen.</u>, 832 F.2d 141 (11th Cir. 1987) (citing <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973)); *see also* <u>Cok v. Cosentino</u>, 876 F.2d

1, 2 (1st Cir. 1989) (a private citizen has no authority to initiate a criminal prosecution); <u>Sattler v. Johnson</u>, 857 F.2d 224, 226–27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted). Therefore, Plaintiff should delete his request that criminal charges be initiated against any Defendant.

In amending his complaint, Plaintiff should determine which incident or issue he desires to litigate in this action, and present only that claim and those which: (1) arise out of the same transaction or occurrence as that claim **and** (2) share a common question of law or fact with that claim. Plaintiff must completely fill out a new civil rights complaint form, marking it "**Second Amended Complaint**." He should name as Defendants only those persons who are responsible for the alleged constitutional violation asserted in the complaint. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff is additionally advised that the complaint may not exceed twenty-five (25) pages absent leave of court upon a showing of good cause. N.D. Fla. Loc. R. 5.1(J)(3).

Plaintiff should file the amended complaint with an original signature and keep an identical copy for himself. He should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint, except for copies of necessary administrative grievances. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, Plaintiff should not submit service copies of his complaint unless and until the court

directs him to do so.  Finally, Plaintiff is advised that discovery is premature at this stage of the case, and Plaintiff should not do any discovery without leave of court.

Accordingly, it is **ORDERED**:

1.      Plaintiff's motion to amend (Doc. 55) is **GRANTED**.

2.      Defendants' motions to dismiss (Docs. 32, 37) are **DENIED** as moot in light of the filing of the amended complaint.

3.      The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 28 U.S.C. §1331.  This case number should be written on the form.

4.      Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file a second amended complaint as instructed, which shall be typed or clearly written, submitted on court form, and marked "Second Amended Complaint."

5.      Plaintiff's failure to submit a second amended complaint as instructed will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this <u>24th</u> day of July 2009.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**